**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  THE HONORABLE RICHARD K. EATON, SENIOR JUDGE**

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, | ) |
| *Plaintiff*, | ) |
| STEEL DYNAMICS, INC. AND SSAB ENTERPRISES LLC, | ) |
| *Plaintiff-Intervenors*, | ) |
| v. | ) Court No. 21-00528 |
| UNITED STATES, | ) |
| *Defendant*, | ) |
| BLUESCOPE STEEL LTD. AND BLUESCOPE STEEL AMERICAS INC., | ) |
| *Defendant-Intervenors*. | ) |

**STATEMENT OF THE ISSUES**

On November 1, 2021, the U.S. Court of International Trade issued a letter to counsel, requiring that "the parties challenging the agency determination file a statement of the issues presented." *See* CIT Case No. 21-528, ECF Doc. No. 29.  Plaintiff, United States Steel Corporation, hereby submits the following statement of the issues.

A. Issue Number 1:  Commerce's Decision Not to Account for a Foreign Producer's Reimbursement of Antidumping Duties Is Contrary to Law

1. Statement of the Issue:

The U.S. Department of Commerce ("Commerce") erred as a matter of law by failing to adjust its antidumping duty calculation to account for the foreign producer's reimbursement of antidumping duties to its affiliated U.S. importer pursuant to 19 CFR § 351.402(f).

2.  Type of Claim, Statutory Provisions Applicable, and Standard of Review

Legal:  In calculating the export price, Commerce erred by failing to "deduct the amount of any antidumping duty" the foreign producer "reimbursed to the importer" as required by 19 CFR § 351.402(f).  Commerce deviated from its rules and established practice of finding the deduction of antidumping duties from the price invoiced to the importer constitutes reimbursement and warrants an adjustment.  The Court's review of whether Commerce acted lawfully is governed by the standard established by *United States v. Mead Corp.*, 533 U.S. 218, 226-28 (2001).

B.  Issue Number 2:  Commerce's Decision Not to Account for a Foreign Producer's Reimbursement of Antidumping Duties Is Unsupported by Substantial Evidence

1.  Statement of the Issue:

Commerce failed to support its decision not to adjust its antidumping duty calculation to account for the foreign producer's reimbursement of antidumping duties to its affiliated U.S. importer with substantial evidence.

2.  Type of Claim, Statutory Provisions Applicable, and Standard of Review:

Factual:  The record evidence does not support Commerce's decision not to find reimbursement between BlueScope's foreign producer and its affiliated U.S. importer.  The record reflects reimbursement as between the foreign producer and importer in the form of a deduction tied directly to the amount of the antidumping duties.  However, Commerce failed to connect that indirect reimbursement occurred by AIS "deducting an amount for estimated antidumping duties" from the price invoiced to its importer which resulted in the importer avoiding the economic impact of the duties.  Commerce also erred when it relied on irrelevant evidence that the U.S. importer "paid AD deposits."  Displaying a complete misunderstanding of its own antidumping margin calculation, Commerce ultimately dismissed the evidence of

reimbursement raised by U. S. Steel explaining that "the lowered transfer price will be accurately reflected in AIS's dumping margin." The Court's review of whether Commerce supported its decision with substantial evidence is governed by the standard set forth in *Universal Camera v. N.L.R.B.*, 340 U.S. 474 (1951).

C. <u>Issue Number 3: Commerce's Decision Failed to Account for the Argument that the use of non-subject merchandise in the further manufacturing processes distorts the net U.S. price is Unsupported by Substantial Evidence</u>

1. <u>Statement of the Issue</u>

In its final results, Commerce failed to take into account profit attributable to further manufacturing processing activities, the inclusion of which distorts the net U.S. price upward. The inclusion of profit attributable to processing activities in the net U.S. price of subject merchandise renders the dumping calculation unsupported by substantial evidence.

2. <u>Type of Claim, Statutory Provisions Applicable, and Standard of Review:</u>

<u>Factual</u>:  BlueScope failed to provide a further manufacturing profit rate that could be apportioned between the subject merchandise and the processing activity. U. S. Steel argued in its case brief that that Commerce should apportion BlueScope's profit between the further manufacturing and the subject merchandise so as to properly attribute the profit generated from sales of the further manufactured product to (1) the subject merchandise and (2) the value added in the United States, respectively. Rather than addressing U. S. Steel's argument, Commerce relied on the amorphous definition of constructed export price profit to assume that profit was apportioned appropriately. But Commerce failed to establish that no profit element attributable to further manufacturing processing activity was included in the net U.S. price of the subject merchandise. Thus, Commerce's assumption without evidence is not substantial evidence. The Court's review of whether Commerce supported its decision with substantial evidence is governed by the standard set forth in *Universal Camera v. N.L.R.B.*, 340 U.S. 474 (1951).

D. Issue Number 4: Commerce's failure to apportion BlueScope's profit rate between further manufacturing and the subject merchandise was not in accordance with law

1. Statement of the Issue

Commerce acted contrary to law when it failed to apportion BlueScope's profit rate between further manufacturing and the subject merchandise.

2. Type of Claim, Statutory Provisions Applicable, and Standard of Review:

Legal: Commerce must make an adjustment to constructed export prices for further manufacturing under 19 U.S.C. § 1677a(e). 19 U.S.C. § 1677a(d)(3) further instructs Commerce to adjust constructed export price for profit earned. The Statement of Administrative Action ("SAA") accompanying the Uruguay Round Agreements Act establishes that Commerce shall apportion the profit rate between further manufacturing and the subject merchandise. Commerce has a well-established practice of doing just that. Commerce's failure to follow the statute, the SAA, and its established practice was not in accordance with law. Commerce's claim that constructed export price profit accounts for apportioning profit between processing and the subject merchandise should be evaluated under *Chevron* for legal sufficiency.

Respectfully submitted,

/s/ Thomas M. Beline

Thomas M. Beline
Yohai Baisburd
Sarah E. Shulman
**CASSIDY LEVY KENT (USA) LLP**
900 19th Street, NW, Suite 400
Washington, D.C. 20006
Phone: (202) 567-2300
Fax: (202) 567-2301
Email: tbeline@cassidylevy.com

*Counsel to United States Steel Corporation*

Dated: December 1, 2021